THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NATIONAL LABOR RELATIONS BOARD,

   Petitioner,

    v.

QUALITY HEALTH SERVICES, INC., d/b/a/
HOSPITAL SAN CRISTOBAL,

   Respondent.

Misc. No. 26-00005 (ADC)

**OPINION AND ORDER**

Pending before the Court are two motions. First is an application ("Application") for an Order enforcing a subpoena *duces tecum* B-1-1P71YLH ("Subpoena") properly served on respondent Quality Health Services, Inc. d/b/a/ Hospital San Cristobal ("Quality Health" or "respondent") by petitioner National Labor Relations Board ("NLRB" or "petitioner"). **ECF No. 1**. Second, a supplemental motion requesting a protective order and an order to reschedule a witness' testimony during the upcoming administrative hearing. **ECF No. 15**. For the reasons explained below, the application to enforce the Subpoena is **GRANTED** and the supplemental motion is **DENIED**.

I.      **Factual and Procedural Background**

This is not the first time during the ongoing consolidated administrative proceedings between the Unidad Laboral de Enfermeras(os) y Empleados de la Salud and Hospital Menonita Ponce, Inc. that the NLRB has required the intervention of the District Court to compel Quality Health Service's compliance with a subpoena. The first such instance was on October 13, 2023, where the NLRB requested enforcement of subpoena *duces tecum* B-l-U8G26T ("Prior Subpoena"). *NLRB v. Quality Health Servs.*, Case No. 23-mc-00504-PAD ("Prior Case"), **ECF No. 1.** In the Prior Case, the respondent similarly sought a protective order, alleging that the Prior Subpoena demonstrated "a pattern of harassment and undue burden." *Id.*, **ECF No. 32**, at 5. The Honorable Judge Pedro A. Delgado-Hernández granted the NLRB's application to enforce, ordering that "Quality Health Services, Inc., shall provide to the Board all responsive documents, books, papers, records and other data on or before required by Subpoena B-1-1J8G26T. . . ." *Id.*, **ECF No. 12**. In the Prior Case, Judge Delgado-Hernández denied respondent's request for a protective order. *Id.*, **ECF No. 34**.

As the underlying administrative proceedings have continued, applicant issued the instant Subpoena to "obtain testimony and evidence for trial," specifically for an upcoming hearing commencing on February 17, 2026. **ECF No. 1**, at 3. In the Subpoena, applicant indicated that "Respondent did not have to produce any documents it may have previously produced pursuant to [the Prior Subpoena], if it reached stipulations as to the authenticity of said documents," and extended respondent invitations to discuss document production and

authentication, which applicant alleges "[r]espondent has rebuffed" *Id.*, at 8-9. After service of the Subpoena, respondent filed a petition to revoke the Subpoena before the administrative law judge, which was denied. *Id.*, at 9-10. The respondent did not attend either a hearing on September 30, 2025, or a hearing on November 19, 2025, discuss matters concerning the Subpoena and production. *Id.*, at 10-11. Following the hearing, the administrative law judge ordered documents responsive to the Subpoena to be produced by December 10, 2025. *Id.*, at 11. Respondent failed to comply. *Id.*

The NLRB filed the instant Application on January 7, 2026, requesting that the Court compel Quality Health's compliance with the Subpoena. **ECF No. 1**. In the Application, the NLRB claims that "[t]o date, and despite Applicant's several attempts to seek compliance or an amicable resolution, Respondent has failed to comply with [the Subpoena]." *Id.*, at 11. Applicant alleges that, even after the order in the Prior Case, respondent "produced improperly redacted and incomplete payroll records, as well as no personnel files. . . ." *Id.*, at 3.[1] Applicant requests that the Court issue an "order requiring Respondent to appear before an agent of the Board, at a date, time and place to be set by the Court; to produce subpoena documents relevant to the matters in question in the investigation before the Board" and "such other and further relief as may be necessary and appropriate." *Id.*, at 12.

On January 15, 2026, the Court issued an Order to Show Cause directed at respondent,

---

[1] The Prior Subpoena sought production of many similar – and some identical – categories of documents of documents from Quality Health as the Subpoena. *Compare NLRB v. Quality Health Servs.*, Case No. 23-mc-00504-PAD, **ECF No. 1**, at 3 (requests 2, 3, 4, and 5) *with* **ECF No. 1**, at 4-6 (requests 1, 12, and 13).

requiring that it file a response to the Application by no later than January 29, 2026. **ECF No. 3**. On January 29, 2026, Attorney Feldstein filed a motion for an extension of time on behalf of respondent, requesting until February 19, 2026, to fully respond to the Application. **ECF No. 5**. On February 5, 2026, the Court granted respondent's request in part, **ECF No. 10**, and on February 9, 2026, respondent filed its full response to the Application. **ECF No. 14**.

In its response, Quality Health argues that it "has already complied" with the Subpoena, based on its production responsive to the Prior Subpoena in the Prior Case. **ECF No 14**, at 2. Respondent alleges that it "has certified through counsel that it has produced all materials in its possession, custody, or control that are responsive to the Subpoena, and that documents which have not been produced do not exist." *Id.*, at 3. Additionally, respondent argues that it has "produced the substantive content of every responsive document in its possession," although qualifying that it produced them with redactions "limited to information concerning non-party individuals, information that implicates legitimate privacy interests, and information that is not necessary for the Board to prove its case." *Id.*, at 4. Moreover, respondent claims that it "is willing to engage in bilateral discussions with the Board to address" any "*specific, identified categories*" of documents that were not covered by the previous production. *Id.*, at 5 (emphasis in original). Respondent requests that the Court deny the Application or in the alternative, declare that respondent's prior electronic production was sufficient. *Id.*, at 2, 4.[2]

---

[2] Specifically, respondent states that it is willing to "confer with the Board as to whether any of those items seek documents beyond what was already produced and, if so, to produce any additional responsive materials in Respondent's possession," but requests that the Court decline to issue "a blanket enforcement order that requires

The NLRB filed replies in response to the motion for extension of time and respondent's opposition on February 4, 2026, and February 12, 2026, respectively. **ECF Nos. 6, 16**. In its reply, applicant reiterates that "the production of documents Respondent refers to pursuant to the [Prior Subpoena] . . . was incomplete and improperly redacted," and that, even after "Applicant made Respondent aware of the specific deficiencies of its production, in a detailed letter addressing each item for which the documentation was incomplete and pointing out that the produced material has relevant and necessary information redacted," that "no response was provided" from the respondent. **ECF No. 6**, at 3. Applicant maintains that it has:

> [M]ade multiple attempts to contact Respondent's Counsel to discuss potential stipulations and attempt to facilitate Respondent's compliance with the Subpoena; however, Respondent's counsel has not been responsive to Applicant's continued requests, showing no interest in reaching stipulations or engaging in discussions with the Board. . . . At no time since the issuance of the Subpoena has Respondent offered to engage in discussions for stipulations nor depicted any interest in cooperating to resolve the issues pending with the Subpoena, despite Applicant's expressed willingness.

*Id.*, at 3-4. Applicant also states that it "is not requesting duplicate production of material, but a complete and unredacted production in usable format of relevant and necessary documents" and that "any document that has already been completely produced, and in unredacted format, and as to which Respondent is willing to bring its custodian of records to stipulate to its authenticity during the administrative proceeding, shall not be required to be re-produced."

---

Respondent to re-produce everything from scratch." **ECF No. 14**, at 5. Additionally, respondent requests that any order by the Court "permit any supplemental production to be made electronically, in the same format as the prior production, and that Respondent not be required to produce hard copies or undertake format conversions that would impose additional cost and burden on a non-party." *Id*.

**ECF No. 16**, at 5.

## II.     Legal Standard

The United States District Court is authorized under 29 U.S.C.A. § 161 to order compliance with a subpoena from the NLRB "[i]n case of contumacy or refusal to obey a subpoena" issued in an administrative proceeding. "A subpoena is not a suggestion to appear when mutually convenient, nor is it 'an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase.'" *Hedison Mfg. Co. v. N.L.R.B.*, 643 F.2d 32, 34 (1st Cir. 1981) (citing *United States v. Bryan*, 339 U.S. at 331 (1950)).

Accordingly, in proceedings where the NLRB seeks judicial enforcement of a subpoena, the court should undertake a limited inquiry. Although the First Circuit has not specifically addressed the standard of review for subpoena requests by the NLRB, other circuits' guidance is instructive. For example, the Second Circuit has stated that "[t]he law is clear that a district judge passing upon a request for enforcement of a subpoena pursuant to section 161(2) may undertake only an extremely limited inquiry." *N.L.R.B. v. Frederick Cowan & Co.*, 522 F.2d 26, 28 (2d Cir. 1975). In determining whether to grant enforcement of a subpoena, the Court should consider primarily whether the subpoena is unreasonable because it is overly broad or unduly burdensome. The standard the Tenth and Fourth Circuits have employed to determine whether a subpoena is unduly burdensome is whether "compliance would unduly disrupt and seriously hinder normal operations of the business." *E.E.O.C. v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1039 (10th Cir. 1993); *see E.E.O.C. v. Maryland Cup Corp.*, 785 F.2d 471, 479 (4th Cir. 1986). Thus,

where the NLRB has established that it properly issued a non-burdensome, relevant subpoena that is not overly broad, the court should enforce the subpoena.

### III. Discussion

    a. *Subpoena* Duces Tecum

In keeping with the nature of the limited inquiry a district court should perform when determining whether to enforce a subpoena *duces tecum* issued by the NLRB, the Court will not delve into the respondent's quibbles regarding certification of document production by counsel, *see* **ECF No. 5**, at 4; **ECF No. 14**, at 3-4, abuse of judicial resources, *see* **ECF No. 14**, at 6-8, or "efforts" regarding stipulation, *see id.*, at 9. Each of these arguments merely attempts to distract the Court from respondent's complete noncompliance with the ordered production, and each ultimately is inapposite to whether the Subpoena should be enforced.

The Court will enforce the Subpoena if it is relevant to the administrative proceedings, not unduly burdensome to respondent, and not overly broad in its requests. Here, the respondent does not dispute the relevance of the Subpoena to the proceedings. It is clear to the Court that the requests regarding whether Quality Health's employees and employment practices are relevant to the administrative hearing regarding Quality Health's successor, Hospital Menonita Ponce, Inc. engaged in unfair labor practices with its employees. **ECF No.** 1, at 2.

As to whether the Subpoena is unduly burdensome, respondent argues that it would be, explaining that it already "produced documents to the Board electronically on May 10, 2024" in

response to the Prior Subpoena, and those "documents were responsive to the same categories of information sought in the trial Subpoena," and therefore "[r]equiring Respondent to re-produce the same materials, in the same or a different format, serves no legitimate purpose and imposes an unnecessary burden on a non-party to the underlying administrative proceeding." **ECF No. 14**, at 5. Yet the NLRB has alleged that respondent's prior-produced documents were improperly redacted and incomplete. **ECF No. 1**, at 3. It is, therefore, not unduly burdensome for respondent to produce properly redacted and complete versions of the documents that were already electronically produced to the NLRB. Moreover, this halfhearted undue burden argument hardly rises to the threshold of "unduly disrupt[ing] and seriously hinder[ing] normal operations of [respondent's] business." *E.E.O.C.*, 985 F.2d at 1039.

Finally, respondent implies that the Subpoena is overly broad, arguing that the NLRB should seek "*specific, identified categories*" of documents that were not already produced. **ECF No. 14**, at 5. Yet the Court has identified only three of the NLRB's eight Subpoena requests that would be duplicative of the Prior Subpoena. *See supra*, at 3 n. 1. And because the documents that were produced in response to the Prior Subpoena need updated, more narrowly tailored redactions, they will likely need to be produced again. **ECF No. 1**, at 3. Moreover, applicant has "clarifie[d] that any document that has already been completely produced, and in unredacted format, and as to which Respondent is willing to bring its custodian of records to stipulate to its authenticity during the administrative proceeding, shall not be required to be re-produced." **ECF No. 16**, at 5. The Court does not find that the Subpoena's eight requests are overly broad.

Accordingly, the Court **GRANTS** applicant's motion to enforce the Subpoena at **ECF No. 1**.

    b. *Motion Requesting Protective Order and Order Rescheduling Testimony*

29 U.S.C.A. § 161, grants the district court jurisdiction, upon *application of the NLRB*, to compel the production of evidence or the production of witnesses. This grant of statutory authority is clearly not one to provide protective orders to parties opposing the enforcement of subpoenas nor is it one to micromanage the administrative proceeding's scheduling. Accordingly, the Court declines to do either. Respondent's request for a protective order and rescheduling at **ECF No. 15** is **DENIED**.

IV.  **Conclusion**

For the reasons stated above, the Court **GRANTS** applicant's request to enforce the subpoena *duces tecum* at **ECF No.** 1 and **DENIES** Respondent's request for a protective order and testimony rescheduling at **ECF No. 15.**[3]

Quality Health shall provide to the Board in electronic format all responsive documents, books, papers, records and other data on or before required by the Subpoena B-1-1P71YLH by no later than **February 23, 2026**, or at such other date as the parties mutually agree.[4] Respondent shall limit any redactions to those permissible under Fed. R. Civ. P. 5.2.

---

[3] For the sake of clarity, the Court notes that this order should not be construed as, in any way, pre-judging the merits of the pending motions in *Hospital Menonita Ponce, Inc. v. NLRB, et al.*, 3:25-cv-01584-ADC, which also is pending before this Court.

[4] The Court is cognizant that this production deadline will impact the date on which Ms. Ana C. Muñoz must be available for testimony, and the Court leaves this issue to the sound discretion of the administrative law judge.

The Board may, upon properly supported motion, have such other and further relief as this Court deems necessary and appropriate.

**SO ORDERED.**

At San Juan, Puerto Rico, on this 13th day of January 2026.

                                                          **S/AIDA M. DELGADO-COLON**
                                                           **United States District Judge**